IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

| | | |
|---|---|---|
| ROBERT WHARTON | : | |
| | : | |
| Appellant | : | NO. 22-9001 |
| | : | |
| v. | : | CAPITAL CASE |
| | : | |
| SUPERINTENDENT GRATERFORD, SCI, *et al*, | : | |
| | : | |
| Appellees | : | |

**PETITION TO PARTICIPATE IN ORAL ARGUMENT BY *AMICUS CURIAE*, THE PENNSYLVANIA OFFICE OF ATTORNEY GENERAL**

AND NOW, comes *amicus curiae*, the Pennsylvania Office of Attorney General (OAG), by its counsel, Michelle A. Henry, Attorney General of the Commonwealth of Pennsylvania, through Cari L. Mahler, Senior Deputy Attorney General, requesting that this Court permit it to participate in oral argument and in support thereof, represents as follows:

**I.　BACKGROUND OF CASE**

Wharton was convicted of two counts of first degree murder and sentenced to two death sentences for his role in the brutal murders of Bradley and Ferne Hart. Pending before this Court is Wharton's appeal following the District Court's denial of habeas corpus relief.

This case is like few others. Before the District Court, the District Attorney's Office (DAO) and Wharton repeatedly tried to concede the single issue that this

1

Court had remanded for an evidentiary hearing: whether trial counsel was ineffective for failing to present evidence of Wharton's alleged positive prison adjustment during the time frame between his two penalty phase hearings (1985-1992). Because the parties failed to provide the District Court with sufficient law and facts to substantiate the parties' concession, the District Court directed the OAG to investigate the claim and brief the matter as an *amicus curiae*.

After investigating, *amicus curiae* OAG filed a brief noting evidence that Wharton's prison adjustment during the relevant time period was actually highly negative (including a violent premeditated escape from City Hall, during which he had to be shot twice to be apprehended, and two prison misconducts for possession of implements of escape). Neither party had disclosed these critical facts to the District Court.

The District Court then directed the OAG to participate in a five-day evidentiary hearing, at which time it presented expert and civilian witnesses who refuted the parties' claim of alleged positive prison adjustment. Despite the newly revealed evidence, the DAO continued to argue with Wharton, and against the *amicus*, that trial counsel was ineffective for failing to present evidence of his alleged positive prison adjustment.

As a result of the OAG's participation before the District Court, crucial information was provided regarding Wharton's negative prison adjustment that

2

would not otherwise have been presented. Relying on the full record developed before it, the District Court ultimately denied Wharton penalty phase relief, resulting in this appeal.

## II.    Petition to Participate in Oral Argument

On appeal, this Court has permitted the *amicus curiae* -- effectively the "appellee" in this case -- to continue participating in the briefing to ensure that the Court is provided with a complete and accurate representation of the facts and record, and a balanced presentation of the legal arguments.

As in the District Court, both parties continue to advocate for penalty phase relief. Wharton claims that trial counsel was ineffective for failing to investigate and present evidence of alleged positive prison adjustment, and that the District Court erred in finding that he failed to establish prejudice. Wharton also asserts that the case should be remanded for a new hearing before a different judge. Agreeing with Wharton, the DAO argues that trial counsel's failure to investigate and present evidence of Wharton's alleged positive adjustment in state prison constituted ineffective assistance. The DAO asserts that trial counsel acted unreasonably in failing to present this evidence and that Wharton was prejudiced as a result. The *amicus* remains the only participant that would defend the District Court's decision.

Given the unusual circumstances in this case, the OAG, pursuant to Rule 29(a)(8) of the Federal Rules of Appellate Procedure, now seeks permission to

participate in oral argument. At oral argument, the OAG would in effect participate as the actual appellee, arguing in support of the District Court's judgment. Without participation from the OAG at oral argument, there will be no party present to sufficiently respond to the arguments made in the parties' briefs challenging the District Court's denial of habeas relief. Allowing the *amicus* to participate in oral argument will assist this Court in reviewing the issues that arose out of extensive and highly unusual capital litigation in the District Court.

WHEREFORE, the OAG respectfully requests that this Honorable Court enter an Order granting it permission to participate in oral argument.

Respectfully submitted,

MICHELLE A. HENRY
Attorney General
MICHELE K. WALSH
Executive Deputy Attorney General
Director, Criminal Law Division

By: */s/ Cari L. Mahler*
Cari L. Mahler
Senior Deputy Attorney General
Office of Attorney General
Appeals Section
1000 Madison Avenue, Suite 310
Norristown, PA 19403
(610) 631-6552
cmahler@attorneygeneral.gov

Date: May 19, 2023

# **CERTIFICATE OF SERVICE**

I hereby certify that, on the below date, I caused the foregoing petition by the Office of Attorney General to be served on the following persons via ECF or by first class mail:

<u>Electronically Via ECF</u>
Stuart Lev, Esquire
Elizabeth McHugh, Esquire
Federal Community Defender Office
Capital Habeas Corpus Unit
601 Walnut Street, Suite 545 West
Philadelphia, PA 19106
(Counsel for Appellant Wharton)

Nancy Winkelman, Esquire
Paul M. George, Esquire
District Attorney's Office
3 South Penn Square
Philadelphia, PA 19107
(Counsel for DAO)

By:    */s/ Cari L. Mahler*
Cari L. Mahler
Senior Deputy Attorney General
Office of Attorney General
Criminal Law Division
Appeals Section
1000 Madison Avenue, Suite 310
Norristown, PA 19403
(610) 631-6552
cmahler@attorneygeneral.gov

Date:   May 19, 2023