

COMMONWEALTH OF PENNSYLVANIA
## OFFICE OF Attorney General

MICHELLE A. HENRY
ATTORNEY GENERAL

October 2, 2023

Criminal Law Division
Appeals Section
1000 Madison Avenue, Suite 310
Norristown, PA 19403
610-631-6208

Patricia S. Dodszuweit, Clerk
United States Court of Appeals for the Third Circuit
United States Courthouse
601 Market Street
Philadelphia, PA 19106

RE:   *Wharton v. Superintendent, Graterford SCI., et al.* - No. 22-9001
**Amicus Curiae Response to Notice of Supplemental Authority**

Dear Ms. Dodszuweit:

Appellant mistakenly relies on *Rogers v. Superintendent Greene SCI*, 2023 WL 5763346 (3d Cir. Sept. 7 2023), for the proposition that, consistent with *Hinton v. Alabama*, 517 U.S. 263 (2014), trial counsel's claimed ignorance automatically renders his performance objectively unreasonable under *Strickland*.

Appellant disregards well-settled precedent that counsel's failure to investigate a particular thing is not unreasonable unless a reasonable attorney would have an objective reason to believe that investigation could produce *helpful* information. *Strickland v. Washington*, 466 U.S. 668, 691 (1984) ("when a defendant has given counsel reason to believe that pursuing certain investigations would be fruitless or *even harmful*, counsel's failure to pursue those investigations may not later be challenged as unreasonable.") (emphasis added); *Harrington v. Richter*, 562 U.S. 86, 108 (2011) ("An attorney need not pursue an investigation that would be fruitless, much less one that might be harmful to the defense.")

*Greene*, which assessed whether counsel's performance was reasonable under the specific circumstances of that case, does not alter this precedent. There might be all sorts of law a lawyer does not know. But he does not have to know it *unless* it might help his client, which was the case in *Hinton* and *Greene* where the *only reasonable* conduct and available defense strategy was for counsel to take certain actions regarding a fundamental issue in the case that he failed to take based on "ignorance of the law."

If counsel's subjective professed ignorance was enough, then he would be deemed deficient every time he fell on his sword, regardless of whether there was an *objectively reasonable* basis for his conduct. *Frazier v. Sec'y Pennsylvania Dep't of Corr.*, 663 F. App'x 211, 214 (3d Cir. 2016) (unpublished) ("*Strickland* ... calls for an inquiry into the objective reasonableness of counsel's performance, not counsel's subjective state of mind.").

    Respectfully submitted,

    */s/ Cari L. Mahler*
    Cari L. Mahler
    Senior Deputy Attorney General
    Pennsylvania Office of Attorney General
    1000 Madison Avenue, Suite 310
    Norristown, PA 19403
    610.631.6552
    cmahler@attorneygeneral.gov
    Counsel for Amicus Curiae

## **CERTIFICATE OF SERVICE**

I hereby certify that on this date I served a copy of the foregoing on the following persons in the manner indicated below:

BY ELECTRONIC SERVICE THROUGH ECF

STUART LEV
ELIZABETH MCHUGH
Assistant Federal Defenders
Federal Community Defender Office
Eastern District of Pennsylvania
Capital Habeas Corpus Unit
601 Walnut Street, Suite 545
Philadelphia, PA 19106

PAUL M. GEORGE
Assistant Supervisor, Law Division
NANCY WINKELMAN
Supervisor, Law Division
Office of the Philadelphia District Attorney
3 South Penn Square
Philadelphia, PA 19107

*Cari Mahler*
_____
Cari L. Mahler
Senior Deputy Attorney General

Date:  October 2, 2023